```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
SAMUEL BARBOZA,                                           :
                                                          :
                              Plaintiff,                  :          15-CV-3128 (JMF)
                                                          :
             -v-                                          :          MEMORANDUM OPINION
                                                          :               AND ORDER
RIVERBAY CORPORATION,                                     :
                                                          :
                              Defendant.                  :
                                                          :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/22/2015

JESSE M. FURMAN, United States District Judge:

      Plaintiff Samuel Barboza, proceeding *pro se*, filed this case on April 17, 2015, alleging unlawful discrimination and retaliation.  (Docket No. 2).  Specifically, Plaintiff claimed that he had been "subject to unlawful discriminatory actions" in his term of employment with Defendant Riverbay Corporation because he is Black and of Senegalese national origin.  (*Id.* at 8).  He alleged that in February 1999 his pay was reduced after he received a lateral transfer to the Garage Department, whereas "other employees" who were given lateral transfers did not receive a pay cut; and that in September 2012, he did not open the door for a Hispanic co-worker and was suspended for three days.  (*Id.* at 8-9).  Because these allegations were wholly conclusory, on May 29, 2015, the Court dismissed the Complaint *sua sponte* for failure to state a claim.  (Docket No. 5).  Mindful of Plaintiff's *pro se* status, however, the Court granted Plaintiff leave to amend and instructed Plaintiff that "he must allege any available facts showing that Defendant cut his pay and disciplined him because of racial or national origin discrimination."  (*Id.* at 5).

      Plaintiff submitted an Amended Complaint on July 13, 2015.  (Docket No. 8).  As the Court noted in an Order entered the next day, however, the Amended Complaint was "even more deficient than the original Complaint," as it included facts demonstrating that any retaliation was

*not* based on Plaintiff's engagement in a protected activity. (Docket No. 9 at 1). Further, like the original Complaint, the Amended Complaint was "entirely devoid of any factual detail supporting an inference of discrimination based on a protected status or retaliation based on protected conduct." (*Id.*). As a result, the Court dismissed the Amended Complaint, but it again granted Plaintiff leave to amend in order to address the deficiencies identified in both of the Court's prior orders. Plaintiff was warned, however, that "[n]o further opportunities to amend to address the [previously identified] deficiencies . . . will be granted." (*Id.* at 2).

Plaintiff submitted a Second Amended Complaint on July 20, 2015. (Docket No. 10). Like Plaintiff's previous two Complaints, however, the Second Amended Complaint fails to raise a "reasonable inference" of discrimination based on race or national origin, or of retaliation. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff does state that he "believed the cut pay was a discrimination based on [his] national origin and color," that he was "suspended and harassed" every time he mentioned the pay cut because of his "national origin and race," and that he "believed" that Defendant was discriminating against him "because of [his] national origin[,] race and color." (Docket No. 10 at 3-4). But such conclusory allegations, based only on Plaintiff's subjective belief, are entirely insufficient to state a discrimination or retaliation claim. *See, e.g.*, *Dooley v. Jetblue Airways Corp.*, No. 14-CV-4432 (JMF), 2015 WL 1514955, at *3 (S.D.N.Y. Apr. 1, 2015) (holding that the "[p]laintiff's repeated assertions that [the defendant's] actions can only be the product of discrimination lack any factual support and, thus, do not constitute circumstances giving rise to a plausible inference of racially discriminatory intent" (internal quotation marks and citation omitted)); *Gue v. Suleiman*, No. 10-CV-8958 (RLE), 2012 WL 4473283, at *8 (S.D.N.Y. Sept. 27, 2012) ("[A] plaintiff's mere subjective belief that he was discriminated against because of his face does not sustain a race discrimination claim." (internal

2

quotation marks omitted)).  Moreover, the few factual details that Plaintiff does provide suggest that no unlawful discrimination or retaliation occurred.  For example, Plaintiff's Second Amended Complaint attaches his First Amended Complaint.  *Cf. Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 457 n.1 (S.D.N.Y. 2013) (noting that courts may consider "any documents attached to the complaint" when considering a motion to dismiss).  As the Court previously noted, the First Amended Complaint alleges that Plaintiff was retaliated against "for l[ea]ving the office services department" (Docket No. 10 at 8), but "transferring departments in itself is not protected activity."  (Docket No. 9 at 1).  Accordingly, Plaintiff's Second Amended Complaint must be and is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir. 1998) (noting that dismissal pursuant to Section 1915(e)(2) for failure to state a claim is mandatory).

The only remaining question is whether Plaintiff should be granted yet another opportunity to amend.  While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007).  Although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), Plaintiff in this case has already received two opportunities to amend his Complaint.  The Court declines to grant a third opportunity.  First, a district court may deny leave to amend when, as here, amendment would be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As noted above, Plaintiff has already twice been granted leave to amend to cure the deficiencies identified by the Court, and both the Amended Complaint and the

3

Second Amended Complaint failed to do so.  Given that, there is nothing to suggest that Plaintiff is in possession of facts that would allow him to state a valid claim should the Court grant him leave to amend a third time.  *See, e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").  Second, Plaintiff was expressly warned that he would not be given a further opportunity to amend and that he needed to include all facts relevant to his claim in the Second Amended Complaint.  *See Lundt v. City of N.Y.*, No. 12-CV-1737 (DLC), 2013 WL 5298458, at *9 (S.D.N.Y. Sept. 20, 2013) (denying leave to amend where the plaintiff "was warned that he would be given no further opportunity to amend").  (Docket No. 9 at 2).  In light of Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed," leave to amend is denied.  *See Patrick v. Bronx Care*, No. 14-CV-7392 (JFB) (AKT), 2014 WL 7476972, at *3 (E.D.N.Y. Dec. 31, 2014).

       The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to close the case.

       SO ORDERED.

Dated: July 21, 2015  
       New York, New York

                                        JESSE M. FURMAN  
                                        United States District Judge